UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAYNE A. MATHEWS-SHEETS, | ) |
| *Plaintiff,* | ) |
| vs. | ) Cause No. 1:08-cv-1426-WTL-DML |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| *Defendant.* | ) |

## ENTRY ON PETITION FOR ATTORNEY FEES

Pending before the Court is Plaintiff Jayne A. Matthews-Sheets' Petition for Attorney Fees under the Equal Access to Justice Act ("EAJA"). The petition is fully briefed and the Court, being duly advised, **GRANTS** Matthews-Sheets' petition to the extent and for the reasons set forth below and awards attorney fees in the amount of $6625.00.

In an order dated March 11, 2010, the Court reversed the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding that Matthews-Sheets was not disabled and remanded the case for further proceedings. The Court determined that remand was required because the ALJ's credibility determination was not supported by substantial evidence and because the ALJ's decision did not adequately demonstrate that he considered the effects of Matthews-Sheets' morbid obesity on her subjective symptoms. The Court rejected several other arguments made by Matthews-Sheets on appeal.

Pursuant to the EAJA, a successful litigant against the federal government is entitled to recover her attorney fees if 1) she was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there exist no special circumstances that would make an award unjust; and 4) she filed a timely application. 28 U.S.C. § 2412(d)(1)(A), (B). The Commissioner argues

that a fee award is not appropriate in this case because his position was substantially justified. The Commissioner has the burden of proving substantial justification, and both the Commissioner's pre-litigation and litigation positions are relevant. *Cunningham v. Barnhart*, 440 F.3d 862, 863-64 (7th Cir. 2006). "In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Id.* The Commissioner's position need not have been correct–that is, the fact that the case was remanded does not automatically lead to an award of fees–but his position must have been stronger than merely non-frivolous. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988).

The Court disagrees with the Commissioner that his position was substantially justified in this case. The requirement that an ALJ's credibility determination be "grounded in the evidence and articulated in the determination or decision" is neither new nor ambiguous. This was not a close case; the statements contained in the ALJ's decision regarding his credibility determination clearly did not satisfy his obligation under the law. In addition, the omission of any discussion by the ALJ regarding the effects of Matthews-Sheets' morbid obesity on her ability to work was also obviously erroneous. Therefore, the Commissioner's decision to adopt the ALJ's decision and defend it in this Court was not substantially justified, and Matthews-Sheets' petition for fees pursuant to the EAJA is **GRANTED**.

The Commissioner also argues that the amount of the fee award sought by Matthews-Sheets' attorney, C. David Little, is excessive. In the original petition, Little seeks an award of $25,200.00, which represents 112 hours of work[1] at $225.00 per hour. The Court agrees with the

---

[1]This total presumably includes six hours for filing the fee petition, inasmuch as the itemized statement of hours expended submitted by Little includes only 106 hours. Little also

2

Commissioner that both the hourly rate sought by Little and the number of hours expended are unreasonable and not appropriate under the EAJA.

>28 U.S.C.A. § 2412(d)(2)(A) provides, in relevant part, that:
>
>[t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Little fails to acknowledge the $125 statutory rate in his initial petition, but simply argues that $225 is the "prevailing market rate in counsel's area for such work." However, the EAJA does not provide for an award of attorney fees at the prevailing market rate if that rate exceeds $125 per hour. Rather, the Court may award an hourly rate greater than $125 only if finds that a greater rate is justified by "an increase in the cost of living or a special factor." Little did not even attempt to provide the Court with the requisite information regarding the increase in the cost of living between 1996, when the $125 statutory rate was set, and 2009, when the bulk of the work on this case was performed, until the reply brief in support of the instant motion. That was too late. Further, Little has failed to demonstrate that the issues presented in this case required any particular expertise above and beyond the normal case such that a higher fee would be justified, or that there is a shortage of qualified attorneys to handle such cases. *Cf. Floroiu v. Gonzales*, 498 F.3d 746, 749 (7th Cir. 2007) (denying increase in hourly rate in the absence of "sufficient information regarding the particular qualifications of the attorney involved, the

---

asks for an additional ten hours for preparing the reply brief in support of the fee petition, although, inexplicably, he adds those ten hours to 106 hours rather than to the 112 hours he actually sought in his petition, so his final request is for $26,100.00 (116 hours multiplied by $225 per hour).

manner in which those qualifications were brought to bear on this litigation or information regarding the availability of attorneys with qualifications that would permit them to pursue adequately this case"). Accordingly, the Court finds that Little has failed to demonstrate that he is entitled to more than $125 per hour for his work on this case.

The Court also agrees with the Commissioner that the issues presented in this case did not warrant 106 (or 112, or 116) hours of attorney time. This is especially true in light of the fact that the vast majority of Little's time was spent on writing his two briefs in support of Matthews-Sheets' complaint, and the majority of those briefs related to arguments that were wholly without merit, as explained in the Court's ruling. The EAJA permits the award of a *reasonable* attorney fee, and the Court believes that a reasonable number of compensable attorney hours given the issues in this case is fifty, with an additional three hours for the two briefs filed in support of the instant fee petition (reduced from the sixteen hours sought by Little, which the Court finds to be unreasonable). Accordingly, the Court awards fees in this case in the amount of $6625.00. In light of the assignment executed by Matthews-Sheets, the fee award is payable to attorney Little.

SO ORDERED: 09/30/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification